**TEAMSTERS LOCAL 513 affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America by its Trustee ad litem, Albert Woodard**

v.

**Joseph WOJCIK.**

**Civ. A. No. 70–1225.**

United States District Court,
E. D. Pennsylvania.

May 3, 1971.

---

Richard Kirschner, Philadelphia, Pa., for plaintiff.

Mitchell S. Lipschultz, Philadelphia, Pa., for defendant.

## OPINION

LUONGO, District Judge.

Defendant, Joseph Wojcik, is the duly elected vice president and business agent of the plaintiff, Teamsters Local 513 (Union). On December 15, 1969, Wojcik pled guilty in state court to charges of possessing dangerous drugs (amphetamines) in violation of the Pennsylvania Drug, Device, and Cosmetic Act of 1961. 35 P.S. § 780–1 et seq.

The Pennsylvania Act defines the terms "drug", "dangerous drug", and "narcotic drug" (§ 780–2) and provides penalties for violation of the Act (§ 780–20). Violations are punished as misdemeanors except those relating to narcotic drugs, which are felonies.[1]

Section 504(a) of the Labor-Management Reporting and Disclosure Act (LMRDA) provides that "No person who * * * has been convicted of * * * violation of narcotics laws * * * shall serve (1) as an officer, * * * [or] business agent * * * of any labor organization * * *." It provides further that "No labor organization or officer thereof shall knowingly permit any person to assume or hold any office or paid position in violation of this subsection." Section 504(b) provides criminal sanctions for violation of § 504(a). 29 U.S.C. § 504(a) and (b).

Union asserts in its complaint that it is unable to determine whether Wojcik's conviction under the Pennsylvania Act is a conviction of violation of "narcotics

---

1. The parties have agreed that Wojcik was sentenced under those provisions of the Act dealing with misdemeanors.

laws" under § 504(a); that it and its officers may be subject to criminal prosecution under the LMRDA if they retain Wojcik in office; that it may be subject to civil liability to Wojcik if he is removed; and that, consequently, it instituted this declaratory judgment action seeking a declaration as to its right to retain or remove Wojcik. Union has moved for summary judgment for declaration of the rights of the parties. For reasons which will be hereafter set forth, Union's request for declaratory relief will be denied.

*Jurisdiction*

■ The Declaratory Judgment Act, 28 U.S.C. § 2201, provides that in a case of "actual controversy" a federal court "may declare the rights and other legal relations of any interested party * * * whether or not further relief is or could be sought." A "controversy", as contemplated by Article III of the Constitution and the Declaratory Judgment Act, is one that is appropriate for judicial determination, i. e., one which is not of a hypothetical or abstract character, and which admits of specific relief through a decree of conclusive character, "as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 241, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1937).

> "The difference between an abstract question and a 'controversy' * * * is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy. Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 [61 S.Ct. 510, 512, 85 L.Ed. 826] (1941)." Golden v. Zwickler, 394 U.

S. 103, 108, 89 S.Ct. 956, 959, 22 L. Ed.2d 113 (1969).

■ Union alleges that it instituted the present action because it found itself on the horns of a dilemma. If it retained Wojcik as vice president and business agent, it might be subject to criminal prosecution under § 504(b). If, on the other hand, it removed Wojcik and if it were ultimately determined that the removal was wrongful, it might be liable to him for damages for loss of pay. Union concludes from these circumstances that there is a controversy between it and Wojcik.

The asserted "controversy" between Union and Wojcik is whether the state conviction is for a violation of "narcotics laws" within the proscription of § 504(a). In my view there is no "controversy" between them on that point because their interests are not adverse. If the state conviction is for violation of "narcotics laws" both Wojcik and Union have already committed the alleged criminal act in that Wojcik has served as an officer and business agent, and Union has knowingly permitted him to remain in office, following conviction. On the other hand, if the state conviction does not come within the purview of § 504(a), neither Union nor Wojcik is in violation. Further, Union has asserted that it has no desire to remove Wojcik unless the state conviction requires it to do so. (Complaint, Par. 11) Under these circumstances, it is apparent that the interests of both parties to this alleged controversy will be served by a determination that the state conviction is *not* for violation of "narcotics laws", and it is equally apparent that the interests of neither will be served by a determination that it is. In my view, Union, under the guise of a "controversy" between it and Wojcik, is actually seeking an advisory opinion as to whether it and Wojcik are violating § 504(a) of the LMRDA—and this in the absence from the record of a party with a real interest in that determination, the Secretary of Labor (29 U.S.C. §§ 521 and 527).

The matter before the court also fails to meet another requisite of an actual controversy in that the case in its present posture does not lend itself to specific conclusive relief. If it were determined in this declaratory action that Wojcik's conviction does not fall within the proscription of § 504(a), that finding would not be binding upon the Secretary of Labor, since he is not a party, and criminal prosecution would not be barred. On the other hand, if it were to be determined here that Wojcik's conviction *is* for a violation of the "narcotics laws", neither Union nor Wojcik would be bound in the event that criminal proceedings were instituted against them.

The existence of an "actual controversy" between the parties is a jurisdictional requisite. The absence of such controversy here deprives this court of jurisdiction to declare the rights of the parties.

### Discretion

■ Whether to grant or withhold declaratory relief in a particular case is a matter committed to the sound discretion of the district court. See A. L. Mechling Barge Lines, Inc. v. United States, 368 U.S. 324, 82 S.Ct. 337, 7 L.Ed. 2d 317 (1961); Brillhart v. Express Ins. Co., 316 U.S. 491, 62 S.Ct. 1173, 86 L. Ed. 1620 (1942). If it be ultimately determined that there is a controversy within the meaning of the Declaratory Judgment Act sufficient to confer jurisdiction upon this court to grant the relief sought, there remains the question whether, in the exercise of the court's discretion, the requested relief *should* be granted.

The mutual interest of Union and Wojcik in avoiding future criminal prosecution creates the distinct possibility that the parties may conduct themselves in a collusive manner. Rather than lend the court's assistance to such a possibility, the wiser course seems to me to refrain from exercising the court's power under the Declaratory Judgment Act, 28 U.S.C. § 2201.

In making the determination to stay the court's hand, I am not unmindful of Serio v. Liss, 300 F.2d 386 (3d Cir. 1961). In that case a union officer brought an action for declaratory and injunctive relief to restrain the union from terminating his services. Whether the termination was proper depended upon interpretation of § 504(a). The court in that case declared the rights of the parties and held that the officer was properly terminated. At first blush, *Serio* seems, at least inferentially, to approve the use of declaratory judgment procedures to declare the rights of a union and its officers under § 504(a). At the end of the opinion, however, Chief Judge Biggs, for the majority, noted that the Secretary of Labor had intervened as a party defendant and had fully and adversely litigated the legal issues presented and that it would not be appropriate, under such circumstances to regard the suit as non-adversary. Judge (now Chief Judge) Hastie dissented and, in dictum, at p. 392, noted his "great difficulty * * * in avoiding the conclusion that this is a collusive suit as against the union."

In my view, *Serio* contains a plain warning to district courts that they should refrain from declaring the rights of the parties under § 504(a) in suits between a union and its officers because of the potential of collusion between the parties unless the Secretary of Labor has intervened. In the instant case, counsel for Union advised at oral argument that the Secretary had been notified of the institution of these proceedings and had been invited to intervene. Despite the passage of a considerable period of time, the Secretary has not, to this date, accepted the invitation. Under the circumstances, *Serio* reinforces our decision not to venture into this doubtful controversy.

Plaintiff's motion for declaratory judgment will be dismissed for lack of jurisdiction because of the absence of a controversy between the parties. Alternatively, if it be determined that there

is a controversy within the meaning of the declaratory judgment act, in the exercise of the court's discretion, plaintiff's request for declaratory relief will be denied.